## SUPREME COURT.

### JESUP agt. JONES.

*New York Special Term, June,* 1864.

The affidavit upon which an order for the examination of the defendant in this action as a judgment debtor, was

granted, showed that the plaintiff recovered a judgment against the defendant in this court on the 27th October, 1862, for $489.53 ; that the judgment roll was filed in the office of the clerk of the city and county of New York; that an execution upon said judgment against the property of the defendant was on the 3d day of November, 1862, duly issued to the sheriff of said county, where said defendant then had a place of business, which said sheriff had returned wholly unsatisfied, and that said judgment remains wholly unpaid.

On the return of said order, a motion was made on behalf of the defendant, that said order be discharged for want of jurisdiction in the judge who granted it, because it did not appear in the affidavit upon which the order was issued, either that the defendant now has a place of business or resides in this county.

HENRY N. BEACH, *for plaintiff.*
T. D. SHERWOOD, *for defendant.*

LEONARD, J. held, that on the authority of the general term of this court in this district, in the case of *Bingham* agt. *Disbrow* (14 *Abb.* 251), it is immaterial where the debtor resides at the time the order for his examination is issued ; it is sufficient to confer jurisdiction, if it appear in respect to the residence of the judgment debtor, under the first subdivision of section 292 of the Code, that the execution was issued to the sheriff of the county where he then resided or had a place of business, &c., and as a matter of course it follows that the order must be made returnable before the judge at a time and place specified in the order, "within the county to which the execution was issued." The motion was denied, and defendant ordered to go on with his examination. (*See also McEwan* agt. *Burgess*, 25 *How.* 92.)